IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW BRIAN SPOWART,

    Petitioner,    No. 2:11-cv-1375 GEB KJN P

    vs.

GARY SWARTHOUT,    ORDER and

    Respondent.    FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on claims that a 2009 decision of the California Board of Parole Hearings, denying petitioner parole, violated petitioner's Fourteenth Amendment due process rights, and petitioner's rights under the federal Ex Post Facto Clause.

    Pending before the court is respondent's motion to dismiss the petition (Dkt. No. 12), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), on the ground that the petition fails to state a cognizable claim for relief. Rule 4 authorizes the summary dismissal of a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4; see O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) ("[R]ule 4 . . . 'explicitly

allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated'"), quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983).

Petitioner filed an opposition to respondent's motion to dismiss (Dkt. No. 13), and a request that this action be stayed on petitioner's ex post facto claim (Dkt. No. 14), both filings also contain a request for appointment of counsel.

For the reasons that follow, this court recommends that respondent's motion to dismiss be granted. Petitioner's requests for appointment of counsel are denied.

II. Background

Petitioner is incarcerated at California State Prison-Solano ("CSP-SOL"), serving a sentence of fifteen years to life that commenced in 1995. Petitioner challenges the May 12, 2009 decision of the California Board of Parole Hearings ("Board"), denying petitioner parole, and deferring for a period of three years petitioner's next parole hearing. The May 2009 hearing was petitioner's fourth parole hearing. Petitioner claims that the Board's decision was arbitrary and capricious, and therefore violated his due process rights, because no reliable evidence demonstrated that petitioner presented a threat to society; petitioner asserts that the Board instead improperly relied on the nature of petitioner's commitment offense and his alleged lack of insight (Grounds One and Two). Petitioner also claims that the deferral of his next parole hearing for a period of three years violated the Ex Post Facto Clause (Ground Three). Finally, petitioner claims that the Shasta County Superior Court improperly denied his habeas petition on March 24, 2010, based on an unreasonable interpretation of the underlying facts and applicable law, and failed to address petitioner's ex post facto claim (Ground Four). Petitioner has exhausted his state court remedies in pursuing his due process and ex post facto claims.[1]

---

[1] Due to the initial absence, in the instant case, of petitioner's lower court petitions, the court directed the parties to submit all of petitioner's state court habeas petitions in order to determine whether petitioner had exhausted his claims in the state courts.
  Review of those petitions demonstrates that, despite the failure of the Shasta County Superior Court to address petitioner's ex post facto claim (see Exh. E to the instant federal petition), petitioner duly presented the claim (as well as his due process claims) to the trial court.

1  III.  Due Process

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause, and then show that the procedures used to effect the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."

---

See Shasta County Superior Court Petition, Case No. 10HB1604, Ground Four; see also id. at iii, 57-68 (Dkt. No. 21-1 at 7, 13, 79-90).  Further, notwithstanding the summary denials of petitioner's subsequent petitions by the California Court of Appeal, and the California Supreme Court (see Exhs. F & G to the instant federal petition), this court is satisfied that petitioner presented both claims to each higher court.  See (1) petition filed in the Court of Appeal for the Third Appellate District, Case No. CO64860, Ground Four; id. at iii, 57-68 (Dkt. No. 21-2 at 8, 15,  83-94); and (2) petition filed in the California Supreme Court, Case No. S183715, Ground 4; id. at iii, 57-68 (Dkt. No. 19 at 16, 24, 92-103).
    However, petitioner's Ground Four contained in the instant federal petition, and raised for the first time before the Court of Appeal, is both unexhausted and fails to state a cognizable federal habeas corpus claim.  Petitioner's challenges to the content and reasoning of the Shasta County Superior Court's decision are not independently cognizable; rather, petitioner's due process and ex post facto claims survive in this court because exhausted, irrespective of the superior court's rationale.  Therefore, this court does not further address petitioner's  Ground Four.

1  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a
2  state's use of mandatory language ("shall") creates a presumption that parole release will be
3  granted when the designated findings are made.).
4        California's parole statutes give rise to a liberty interest in parole protected by the
5  federal Due Process Clause. Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011). In California, a
6  prisoner is entitled to release on parole unless there is "some evidence" of his or her current
7  dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29
8  Cal. 4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that
9  "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive
10 federal requirement." Swarthout, 131 S. Ct. 859, 862-63. In other words, the Court specifically
11 rejected the notion that there can be a valid claim under the Fourteenth Amendment for
12 insufficiency of evidence presented at a parole proceeding. Id. at *3. Rather, the protection
13 afforded by the federal due process clause to California parole decisions consists solely of the
14 "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be
15 heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.
16       Here, the record reflects that petitioner was present, with counsel, at the May 12,
17 2009 parole hearing; petitioner was afforded access to his record in advance; petitioner
18 participated in the hearing; and petitioner was provided with the reasons for the Board's decision
19 denying parole, based on the Board's finding, as stated to petitioner, that "you are unsuitable for
20 parole because you remain a present risk of danger if released . . . ." (May 12, 2009 Board
21 Transcript at 77:10-12; see also id. at 2, 13, 77-81 (see generally Dkt. No. 1-1 at 4-84).)
22 According to the United States Supreme Court, the federal due process clause requires no more.
23 Therefore, petitioner is not entitled to relief on the claims presented in Grounds One and Two of
24 his petition.
25 ////
26 ////

IV. <u>Ex Post Facto</u>

Petitioner contends that the Board's application of "Marsy's Law" (adopted by the voters pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law"), to defer for three years his next parole hearing, violated the Ex Post Facto Clause of the United States Constitution. Prior to the enactment of Marsy's Law, indeterminately-sentenced inmates, like petitioner, could be denied parole hearings for no more than one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following year; in such instances, the next parole hearing could be deferred for a period up to five years. Cal. Penal Code § 3041.5(b)(2) (2008). Now, Marsy's Law authorizes deferral of a subsequent parole hearing for a period up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3) (2009). The shortest interval that the Board may set is three years, based on a finding that the prisoner "does not require a more lengthy period of incarceration . . . than seven additional years." <u>Id.</u>, § 3041.5(b)(3)(C). Under the terms of the amended statute, petitioner's next parole hearing was deferred for a period of three years. (May 12, 2009 Board Transcript at 79:12-13; 81:21 (Dkt. No. 21-1 at 82, 84.)

The federal Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause of the Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. <u>Collins v. Youngblood</u>, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." <u>Himes v. Thompson</u>, 336 F.3d 848, 854 (9th Cir. 2003) (quoting <u>Souch v. Schaivo</u>, 289 F.3d 616, 620 (9th Cir. 2002)). <u>See also</u> <u>Cal. Dep't of Corr. v. Morales</u>, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the

1  defendant's crimes.  Himes, 336 F.3d at 854.  Not every law that disadvantages a defendant is a
2  prohibited ex post facto law.  The retroactive application of a change in state parole procedures
3  violates ex post facto only if there exists a "significant risk" that such application will increase
4  the punishment for the crime.  See Garner v. Jones, 529 U.S. 244, 259 (2000).

5           Previous amendments to California Penal Code § 3041.5 allowing for longer
6  periods of time between parole suitability hearings have been upheld against challenges that they
7  violated the Ex Post Facto Clause.  See Morales, 514 U.S. at 509 (1981 amendment to § 3041.5,
8  which increased maximum deferral period of parole suitability hearings to five years did not
9  violate the Ex Post Facto Clause because it simply altered the method of setting a parole release
10 date and did not create a meaningful "risk of increasing the measure of punishment attached to
11 the covered crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation
12 of the Ex Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life
13 imprisonment prior to the implementation of California's Determinate Sentence Law in 1977);
14 Clifton v. Attorney General Of the State of California, 997 F.2d 660, 662 n.1 (9th Cir. 1993)
15 (same).  See also Garner, 529 U.S. at 249 (upholding Georgia's change in the frequency of parole
16 hearings for prisoners serving life sentences, from three to eight years, in an action brought
17 pursuant to 42 U.S.C. § 1983).

18           After reviewing the facts applicable to petitioner's ex post facto claim, clearly
19 established federal law as determined by the Supreme Court, and California statutes and
20 regulations related to the frequency with which parole hearings occurring after the first parole
21 hearing must be held, the court finds that the state court's decision rejecting petitioner's ex post
22 facto claim is not contrary to, nor does it involve an unreasonable application of clearly
23 established federal law as determined by the Supreme Court.  Its conclusion is not out of line
24 with decisions reached by the Supreme Court in both Morales and Garner, especially in light of
25 the fact that, as in Morales and Garner, the parole board concerned can expedite a suitability
26 ////

hearing if the board believes it is reasonable to assume that the inmate in question will be paroled.[2]  Thus, petitioner's ex post facto claim should be dismissed without prejudice.

V.  Request for Appointment of Counsel

In both his opposition to the motion to dismiss (Dkt. No. 13 at 11), and his request to stay (Dkt. No. 14 at 2, 3), petitioner requests the appointment of counsel.  Petitioner asserts that he "has been forced to rely on the charitable assistance of other inmates to file ALL documents related to this action" (Dkt. No. 14 at 3 (original emphasis)), and that appointment of counsel would "insure [that] petitioner's individual rights are properly protected and presented in the interim and foreseeable future" (id. at 3).

There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Petitioner's requests for appointment of counsel are denied.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's requests for appointment counsel are denied without prejudice.

In addition, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (dkt. no. 12) be granted, and petitioner's motion to stay (Dkt. No. 14) be denied.

---

[2] Petitioner is informed that there is a 42 U.S.C. § 1983 class action pending in this court where it is alleged that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution. The name of the case is Gilman v. Fisher, 2:05-cv-0830 LKK GGH P, and the class of persons identified as plaintiffs in that action consist of California prisoners serving indeterminate sentences, who are eligible for parole and who have been denied parole on one or more occasion. Id., March 4, 2009 Order at 9.  It appears petitioner is a member of that class.  Accordingly, petitioner's motion to stay these proceedings pending Gilman should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: June 12, 2012

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

spow1375.mtd.hc